No. 18 CV 9712 (DAB)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PATRICK DONOHUE, as Parent and Natural Guardian of S.J.D.; PATRICK DONOHUE, individually,

*Plaintiffs*,

- against -

MICHAEL KENNEDY LLOYD; CITY OF NEW YORK; NEW YORK CITY DEPARTMENT OF EDUCATION; STATE OF NEW YORK; NEW YORK STATE BOARD OF REGENTS; and NEW YORK STATE EDUCATION DEPARTMENT,

*Defendants*.

**DEFENDANTS CITY OF NEW YORK AND NEW YORK CITY DEPARTMENT OF EDUCATION'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS**

**ZACHARY W. CARTER**
*Corporation Counsel of the City of New York*
Attorney for Defendants New York City
 Department of Education and the City of
 New York
100 Church Street
New York, NY 10007

Of Counsel: David S. Thayer
Tel: (212) 356-2649
Matter No. 2018-078666

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ...........................................................................................................II

PRELIMINARY STATEMENT ................................................................................................... 1

STATEMENT OF FACTS ............................................................................................................ 2

ARGUMENT ................................................................................................................................. 5

LEGAL STANDARD.................................................................................................................... 5

      POINT I ............................................................................................................................. 6

            THE CITY OF NEW YORK MUST BE
            DISMISSED BECAUSE IT IS UNINVOLVED IN
            THIS MATTER. .................................................................................. 6

      POINT II ............................................................................................................................ 7

            PLAINTIFFS LACK STANDING. ..................................................... 7

      POINT III .......................................................................................................................... 8

            THE COURT LACKS SUBJECT MATTER
            JURISDICTION OVER PLAINTIFFS' FEDERAL
            CLAIMS. ............................................................................................ 8

      POINT IV.......................................................................................................................... 10

            PLAINTIFFS FAIL TO STATE A CLAIM UPON
            WHICH RELIEF MAY BE GRANTED UNDER
            THE AMERICANS WITH DISABILITIES ACT
            AND THE REHABILITATION ACT.................................................... 10

      POINT V ........................................................................................................................... 13

            THE COURT SHOULD DECLINE TO
            EXERCISE SUPPLEMENTAL JURISDICTION
            OVER PLAINTIFFS' CLAIMS UNDER NEW
            YORK LAW. ...................................................................................... 13

CONCLUSION.............................................................................................................................. 15

Page(s)

**Cases**

*Alexander v. Choate,*
469 U.S. 287 (1985)................................................................................................11

*Anderson v. Nat'l Grid, PLC,*
93 F. Supp. 3d 120 (E.D.N.Y. 2015) .....................................................................13

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009)..................................................................................................5

*B.C. v. Mount Vernon Sch. Dist.,*
837 F.3d 152 (2d Cir. 2016).....................................................................................11

*Bartlett v. N.Y. State Bd. of Law Exam'rs,*
156 F.3d 321 (2d Cir. 1998).....................................................................................11

*Batmanghelidj v. Int'l Acad. of Hope,*
18 CV 6562 (VM) (S.D.N.Y.) ...................................................................................2

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007)..................................................................................................5

*Biro v. Condé Nast,*
807 F.3d 541 (2d Cir. 2015).....................................................................................5

*Brief v. Albert Einstein Coll. of Med.,*
423 F. App'x 88 (2d Cir. 2011).................................................................................15

*Canning v. Admin. for Children's Servs.,*
588 F. App'x 48 (2d Cir. 2014) ...............................................................................5

*Cave v. E. Meadow Union Free Sch. Dist.,*
514 F.3d 240 (2d Cir. 2008)......................................................................................8

*Dean v. Univ. at Buffalo Sch. of Med. & Biomed. Scis.,*
804 F.3d 178 (2d Cir. 2015)......................................................................................11

*Dukes ex rel. Dukes v. N.Y.C. Emps.' Ret. Sys.*, 581 F. App'x 81 (2d Cir. 2014) ..........................5

*Giordano v. City of New York,*
274 F.3d 740 (2d Cir. 2001)......................................................................................15

*Gonzalez v. Esparza,*
02 Civ. 4175 (SWK), 2003 U.S. Dist. LEXIS 13711 (S.D.N.Y. Aug. 3, 2003).......................6

*Graves v. Finch Pruyn & Co., Inc.*,
    457 F.3d 181 (2d Cir. 2006)......................................................................................14

*Henrietta D. v. Bloomberg*,
    331 F.3d 261 (2d Cir. 2003)................................................................................11, 12

*Knight First Amendment Inst. at Columbia Univ. v. Trump*,
    302 F. Supp. 3d 541 (S.D.N.Y. 2018)........................................................................7

*L.K. v. Sewanhaka Cent. High Sch. Dist.*,
    641 F. App'x 56 (2d Cir. 2016) ...............................................................................8, 9

*LeBlanc v. Cleveland*,
    198 F.3d 353 (2d Cir. 1999).......................................................................................6

*Leon v. Rockland Psychiatric Ctr.*,
    232 F. Supp. 3d 420 (S.D.N.Y. 2017).....................................................................5, 6

*Lerner v. Fleet Bank, N.A.*,
    318 F.3d 113 (2d Cir. 2003).......................................................................................5

*Loeffler v. Staten Island Univ. Hosp.*,
    52 F.3d 268 (2d Cir. 2009).....................................................................11, 12, 13, 14

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992)...................................................................................................7

*McElwee v. County of Orange*,
    700 F.2d 635 (2d Cir. 2012).....................................................................................11

*Nacipucha ex rel. Nacipucha v. City of New York*,
    849 N.Y.S.2d 414 (Sup. Ct. Bronx Cty. 2008) ........................................................6

*Nat. Res. Def. Council v. Nat'l Highway Traffic Safety Admin.*,
    894 F.3d 95 (2d Cir. 2018).........................................................................................7

*Parker v. Columbia Pictures Indus.*,
    204 F.3d 326 (2d Cir. 2000).....................................................................................14

*Torres ex rel. Perez v. City of New York*,
    837 N.Y.S.2d 571 (App. Div. 1st Dep't 2007) .........................................................6

*Polera v. Bd. of Educ.*,
    288 F.3d 478 (2d Cir. 2002)...................................................................................9, 10

*Powell v. Nat'l Bd. of Med. Exam'rs*,
    364 F.3d 79 (2d Cir. 2004).......................................................................................11

*S.J.D. v. N.Y.*
C. *Dep't of Educ.*, 18 CV 9364 (DAB) (S.D.N.Y.) ............................................4, 9

*Smith v. St. Luke's Roosevelt Hosp.*,
No. 08 CV 4710, 2009 U.S. Dist. LEXIS 69995 (S.D.N.Y. Aug. 11, 2009)...........................6

*Spokeo, Inc. v. Robins*,
136 S. Ct. 1540 (2016)....................................................................................7

*Tandon v. Captain's Cove Marina of Bridgeport, Inc.*,
752 F.3d 239 (2d Cir. 2014).............................................................................6

*Viera v. City of New York*,
15 Civ. 5430 (PGG), 2018 U.S. Dist. LEXIS 169677 (S.D.N.Y. Sept. 30,
2018) ..........................................................................................................15

*Wright v. N.Y. State Dep't of Corrs. & Cmty. Supervision*,
831 F.3d 64 (2d Cir. 2016).................................................................10, 11, 12

**Statutes**

20 U.S.C. § 1415 (2018) ...............................................................................8, 9, 14

42 U.S.C. § 12112 (2012) .............................................................................11

Americans with Disabilities Act of 1990............................................................ *passim*

Individuals with Disabilities Education Act ........................................................ *passim*

N.Y.C., N.Y., Admin. Code § 8-107 (2018)....................................................5, 14, 15

N.Y. Exec. Law § 296 (Consol. 2018)...............................................................5, 14

Rehabilitation Act of 1973 .............................................................................. *passim*

**Other Authorities**

28 C.F.R. § 35.130 (2018) .............................................................................11

34 C.F.R. § 300.511 (2018) ...........................................................................14

34 C.F.R. § 300.512 (2018) ...........................................................................9

*Black's Law Dictionary* (9th ed. 2009)............................................................7

Fed. R. Civ. P. 12 .........................................................................................5

N.Y. Comp. Codes R. & Regs. tit. 8, § 200.1 (2018) ..........................................14

N.Y. Comp. Codes R. & Regs. tit. 8, § 200.5 (2018) ...................................................9, 10

N.Y. Comp. Codes R. & Regs. tit. 8, § 200.21 (2018) ...................................................10

U.S. Const. art. III.....................................................................................................7

## PRELIMINARY STATEMENT

This is the second action brought by Plaintiff Patrick Donohue and his daughter, Plaintiff S.J.D., relating to the same ongoing administrative hearing under the Individuals with Disabilities Education Act ("IDEA"). Using anti-discrimination statutes and apparently without concern for burdening the Court with duplicative proceedings, Plaintiffs demand damages from Defendant the City of New York (the "City") and Defendant New York City Department of Education (the "DOE") (collectively the "Municipal Defendants") for their purported failure to provide a room for Plaintiffs' administrative hearing that will accommodate an entire school, persons from audiovisual media outlets, and the general public. Plaintiffs only challenge to an action of the Municipal Defendants concerns the size of the room assigned for the administrative hearing.

The Municipal Defendants move to dismiss Plaintiffs' claims against them in their entirety on the grounds that (1) Plaintiffs lack standing to challenge the size of the hearing room because they were not excluded; (2) the Court lacks subject matter jurisdiction over Plaintiffs' claims against the Municipal Defendants under federal law; (3) Plaintiffs fail to state a claim upon which relief may be granted against the Municipal Defendants under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act; and (4) the Court should decline to exercise supplemental jurisdiction over Plaintiffs' claims against the Municipal Defendants under New York law. Accordingly, Municipal Defendants respectfully request that the Court dismiss the claims against them in their entirety and grant such other and further relief to Municipal Defendants as the Court deems just and proper.

Plaintiff Patrick Donohue is an attorney and advocate for children with traumatic brain injuries. (*See* Ver. Compl. 4 ¶ 24.) His daughter, Plaintiff S.J.D., herself has a brain injury and is non-verbal and non-ambulatory. (*See id.* at 5 ¶ 29.) Plaintiff S.J.D. attended school at iHope, an institution established by her father who also acted as chairman and chief executive officer until January 2018. (Ver. Compl. 4 ¶ 23.) [2] In July 2018, Plaintiff Donohue established iBrain, another institution allegedly nearly identical to iHope and at which he is again chairman. (Ver. Compl. 4-5 ¶ 27.) In July 2018, Plaintiff Donohue enrolled S.J.D. at iBrain, where she is currently a student. (Ver. Compl. 5 ¶ 28.) S.J.D. does not attend a public school because Plaintiff Donohue, believes that the DOE would not provide S.J.D. with a free and appropriate public education. (*See* Ver. Compl. 6 ¶¶ 33-36.)

Plaintiffs filed an administrative due process complaint pursuant to the IDEA on July 9, 2018, alleging that DOE had failed to provide Plaintiff S.J.D. with an adequate Individualized Educational Program ("IEP") for the 2017-2018 school year. (Ver. Compl. 6 ¶ 36.) Plaintiffs requested an "open hearing," as permitted under federal and state regulations promulgated pursuant to the IDEA. (*See* Ver. Compl. 6 ¶ 41.) DOE's Impartial Hearing Office selected Defendant Impartial Hearing Officer ("IHO") Michael Kennedy Lloyd from its rotating list of available IHOs and assigned him to preside at Plaintiffs' due process hearing. (Ver.

---

[1] Taken from the Verified Complaint, these facts are deemed to be true for the purposes of this Motion only.

[2] Plaintiff Donohue apparently served as a member of the board of directors of iHope. iHope and the Sarah Jane Brain Foundation, another entity on which Defendant Donohue apparently serves as a member of the board of directors, are currently defendants in a federal action in which Defendant Donohue and others are accused of having violated federal and New York statutes, in addition to New York common law. *See generally* Complaint, *Batmanghelidj v. Int'l Acad. of Hope*, 18 CV 6562 (VM) (S.D.N.Y.).

Compl. 7 ¶ 42.) In advance of the due process hearing, Plaintiffs asserted that Plaintiff S.J.D. was entitled to pendency, *i.e.*, reimbursement of tuition expenses at iBrain during the pendency of the administrative due process hearing. (*See* Ver. Compl. 7 ¶ 43.) Plaintiffs also requested that the hearing room be large enough to accommodate the entire student body of iBrain, along with Plaintiffs and about sixty additional, unidentified persons. (*See* Ver. Compl. 7 ¶ 44.)

In response to Plaintiffs' requests, Defendant Lloyd conducted two prehearing conferences with Plaintiffs' counsel and DOE attorneys. The first was on October 9, 2018m and at that conference, Defendant Lloyd allegedly indicated that he "would identify a room to accommodate the anticipated attendees and/or provide an overflow room." (Ver. Compl. 7 ¶ 46.) Plaintiffs allege that Defendant Lloyd refused to permit audiovisual media outlets to attend and record the due process hearing as requested by Plaintiffs. (*See id.*) Defendant Lloyd then called Plaintiffs' counsel and the DOE attorneys on October 10, 2018, the next day, at which time he allegedly informed them that DOE had selected a room for the hearing that could accommodate twenty-five to fifty people. (Ver. Compl. 8 ¶ 47.) Plaintiffs allege that this room, despite accommodating "some of the parents of  students at iBRAIN and some members of the public, but not the students themselves, all of whom are in wheelchairs," was inadequate. (*See* Ver. Compl. 8 ¶ 49.) Additionally, Plaintiffs allege that the room was in an "old building with very limited emergency egress." (*Id.*) Plaintiffs allege that they requested an adjournment until such time as DOE could provide a room to their liking. (*See* Ver. Compl. 9 ¶ 56.) The IHO rejected this request, in addition to rejecting a renewed request for the presence of audiovisual recording by the media. (Ver. Compl. 9 ¶ 51.)

In response to these adverse rulings, Plaintiffs considered emergent interim relief. Plaintiffs allege that they contacted officials at the Defendant New York State Education

Department about such emergent relief but allege that they were told that this type of relief could not be granted. (*See* Ver. Compl. 9 ¶ 53.) Plaintiffs then filed an action in the United States District Court for the Southern District of New York, in which they sought a temporary restraining order and a preliminary injunction adjourning the due process hearing so that Plaintiffs could seek a ruling that an "open hearing" under the IDEA required a larger hearing room and access for audiovisual media outlets. Plaintiffs' requests for interim relief were denied. *Donohue ex rel. S.J.D. v. N.Y.C. Dep't of Educ.*, 18 CV 9364 (DAB) (S.D.N.Y.).

In the meantime, Plaintiffs' administrative due process hearing began on October 16, 2018. (*See* Ver. Compl. 10 ¶ 59.) At the hearing, Plaintiffs allege that Defendant Lloyd displayed bias "by falsely claiming that [the hearing room] was large enough to accommodate all the iBRAIN students when he knew or should have known (by taking simple measurements) that the room was not large enough and the location was not safe for that many students in wheelchairs." (Ver. Compl. 10-11 ¶ 61.) Defendant Lloyd also allegedly denied renewed requests for the audiovisual recording of the hearing by the media and for his recusal. (Ver. Compl. 11 ¶¶ 62-63.) Plaintiffs now allege that Defendant Lloyd's decisions constituted an attempt by Defendant Lloyd and DOE to suppress "the truth about [children with traumatic brain injuries] and the challenges faced by their parents." (Ver. Compl. 11 ¶ 67.) At the October 16, 2018 hearing, the interaction between Plaintiffs and Plaintiffs' counsel on the one hand and Defendant Lloyd on the other was allegedly acrimonious. (*See* Ver. Compl. 67-75.) Separately, Plaintiffs allege that DOE "aided and abetted" Defendant Lloyd's alleged inappropriate conduct by "opposing the presence of audio" at the hearing. (Ver. Compl. 12 ¶ 76.) Inconsistently, Plaintiffs also allege that the attorneys representing DOE at the due process hearing "were silent." (Ver. Compl. 12 ¶ 77.)

Defendants appear to assert the following four claims against the DOE based upon the size of the hearing room: (1) discrimination in contravention of the Americans with Disabilities Act; (2) discrimination in contravention of the Rehabilitation Act; (3) discrimination in contravention of the New York Executive Law § 296, also referred to as the New York Human Rights Law; and (4) discrimination in contravention of the New York City Administrative Code § 8-107, otherwise known as the New York City Human Rights Law. (Ver. Compl. 13-17 ¶¶ 79-116.)

## ARGUMENT

### LEGAL STANDARD

Courts considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) must accept all allegations contained in the Complaint as true, and examine whether those allegations contain "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Biro v. Condé Nast*, 807 F.3d 541, 544 (2d Cir. 2015). Plausible claims are those that allege "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief "will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 678.

The standards for 12(b)(1) and 12(b)(6) motions are identical. *Lerner v. Fleet Bank, N.A.*, 318 F.3d 113, 128 (2d Cir. 2003); *Leon v. Rockland Psychiatric Ctr.*, 232 F. Supp. 3d 420, 426-27 (S.D.N.Y. 2017). Importantly, the party asserting subject matter jurisdiction must prove the existence of jurisdiction by a preponderance of the evidence. *Canning v. Admin. for Children's Servs.*, 588 F. App'x 48, 49 (2d Cir. 2014); *Dukes ex rel. Dukes v. N.Y.C. Emps.' Ret. Sys.*, 581 F. App'x 81, 82 (2d Cir. 2014); *Lerner*, 318 F.3d 128. "[W]here jurisdictional facts are

placed in dispute, the court has the power and obligations to decide issues of fact by reference to evidence outside the pleadings . . . ." *LeBlanc v. Cleveland*, 198 F.3d 353, 356 (2d Cir. 1999); *see also Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014). "This allocation of the burden of proof is '[t]he only substantive difference' between the standards of review under the two rules." *Leon*, 232 F. Supp. 3d at 427 (quoting *Smith v. St. Luke's Roosevelt Hosp.*, No. 08 CV 4710, 2009 U.S. Dist. LEXIS 69995, at *9 n.10 (S.D.N.Y. Aug. 11, 2009)).

## POINT I

## THE CITY OF NEW YORK MUST BE DISMISSED BECAUSE IT IS UNINVOLVED IN THIS MATTER.

The New York City Department of Education is a governmental entity created by the bylaws of the Panel for Educational Policy, itself a governmental entity formerly known as the Board of Education and created by the New York Education Law. By contrast, the City of New York is a municipal corporation incorporated pursuant to the New York General Municipal Law. The New York City Department of Education is separate and distinct from the City of New York, and therefore, "the City cannot be held liable for" "torts allegedly committed by the Board and its employees." *Torres ex rel. Perez v. City of New York*, 837 N.Y.S.2d 571, 572 (App. Div. 1st Dep't 2007) (citing *Gonzalez v. Esparza*, 02 Civ. 4175 (SWK), 2003 U.S. Dist. LEXIS 13711, at *4-5 (S.D.N.Y. Aug. 3, 2003)); *see also generally Nacipucha ex rel. Nacipucha v. City of New York*, 849 N.Y.S.2d 414, 418-21 (Sup. Ct. Bronx Cty. 2008).

Plaintiffs improperly assert claims against the City, although it is a separate governmental entity, in addition to claims against DOE. In their Rehabilitation Act claim, Plaintiffs accuse the City of having failed "to provide a sufficiently large hearing room" and of having opposed "plaintiffs' request for permission to allow audio and video media [to] attend the

proceedings." (Ver. Compl. 14 ¶ 92.) This is dismissible on its face as to the City. The City is not

a party to the due process hearing and therefore did not oppose Plaintiffs' requests. Furthermore,

DOE, rather than the City, operates the Impartial Hearing Office, and so the City did not

"provide" a room. (Ver. Compl. at 14 ¶ 92.) To the extent that Plaintiffs assert, against the City,

these and other claims relating to hearing room's size or to audiovisual media outlets' presence

at the due process hearing, these claims must be dismissed.

## POINT II

## PLAINTIFFS LACK STANDING.

Standing requires that a plaintiff have suffered (1) an "injury-in-fact, which means

'an actual or imminent' and 'concrete and particularized' harm to a 'legally protected interest';

(2) causation of the injury, which means that the injury is 'fairly traceable' to the challenged

action of the defendant; and (3) redressability, which means that it is 'likely,' not speculative,

that a favorable decision by a court will redress the injury." *Nat. Res. Def. Council v. Nat'l*

*Highway Traffic Safety Admin.*, 894 F.3d 95, 103 (2d Cir. 2018) (quoting *Lujan v. Defenders of*

*Wildlife*, 504 U.S. 555, 560-61 (1992)). "A 'concrete' injury must be '*de facto*'; that is, it must

actually exist." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016) (citing *Black's Law*

*Dictionary* 479 (9th ed. 2009)); *see also Knight First Amendment Inst. at Columbia Univ. v.*

*Trump*, 302 F. Supp. 3d 541, 557 (S.D.N.Y. 2018). Even where a statutory violation has been

alleged by a plaintiff, "Article III standing requires a concrete injury . . . ." *Spokeo*, 136 S. Ct. at

1549.

Here, Plaintiffs lack standing to assert claims against the City and DOE

concerning the size of the hearing room because they lack concrete injuries-in-fact. Plaintiffs'

claims are that Municipal Defendants' purported failure to provide a room that could

accommodate a large number of *other persons that were not Plaintiffs* somehow injured

Plaintiffs, (*see, e.g.*, Ver. Compl. 6-7, 13 ¶¶ 41, 44, 82,) although the room could accommodate twenty-five to fifty persons. (Ver. Compl. 8 ¶¶ 47, 49.) Plaintiffs do not allege that the room in which the due process hearing was conducted was inaccessible to them or unable to accommodate them. To the contrary, a due process hearing was held, and Plaintiffs and other persons were present. (*See* Ver. Compl. 10 ¶¶58-59.) Plaintiffs allege no cognizable harm to themselves and only, perhaps, a harm to others. Plaintiffs lack standing to assert claims on behalf of others, and the Court should therefore dismiss their claims against the City and DOE.

## POINT III

### THE COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFFS' FEDERAL CLAIMS.

Plaintiffs allege that their claims arise under the Americans with Disabilities Act and the Rehabilitation Act. (Ver. Compl. 1 ¶¶ 2-3.) Yet the allegedly unlawful conduct of which Plaintiffs complain concern the place and manner of Plaintiff S.J.D.'s due process hearing, matters that are regulated under the IDEA. Where plaintiffs seek relief "'*available* under the IDEA, regardless of the statutory basis of their complaint,'" plaintiffs must exhaust their remedies under the IDEA, and the failure to exhaust administrative remedies "deprives the court of subject-matter jurisdiction." *L.K. v. Sewanhaka Cent. High Sch. Dist.*, 641 F. App'x 56, 57 (2d Cir. 2016) (quoting *Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 245-46 (2d Cir. 2008)) (requiring exhaustion for ADA and Rehabilitation Act retaliation claims where the relief sought was available under the IDEA); *see also* 20 U.S.C. § 1415(*l*) (2018) (requiring exhaustion when statutory basis for claim is ADA if relief sought is available under the IDEA). In other words, "if the 'theory' behind a claim relates to the 'education of disabled children,' IDEA exhaustion is required unless plaintiffs demonstrate that their failure to exhaust should be

excused." *L.K.*, 641 F. App'x at 57 (quoting *Polera v. Bd. of Educ.*, 288 F.3d 478, 481, 487-88 (2d Cir. 2002)).

As noted, Plaintiffs' claims against Defendants relate to the size of the room in which the first day of Plaintiff S.J.D.'s IDEA due process hearing was held. Plaintiffs have filed a separate action against DOE alleging that the size of the hearing room deprived them of their right to an "open hearing" under the IDEA. *See Donohue ex rel. S.J.D. v. N.Y.C. Dep't of Educ.*, 18 CV 9364 (DAB) (S.D.N.Y.). In this action, however, Plaintiffs take a different tack by framing their claims as arising under the ADA and Rehabilitation Act, yet Plaintiffs essentially complain of the same wrong: the hearing room was too small. Plaintiffs cannot sidestep the exhaustion requirements of the IDEA by filing a separate action with a different statutory basis while seeking a determination of a question that is cognizable under the IDEA: whether the size of the hearing room was lawful under the regulations permitting an "open hearing." 20 U.S.C. § 1415(*l*); *see also* 34 C.F.R. § 300.512(c)(2) (2018); N.Y. Comp. Codes R. & Regs. tit. 8, § 200.5(j)(3)(x) (2018). Plaintiffs' true contentions relate to the scope of the term "open hearing" under the IDEA and the potential deprivation of their rights under that Act. (*E.g.*, Ver. Compl. 13 ¶ 82 ("[P]laintiffs' right to a due process hearing necessarily includes the right to have a hearing room in which all members of the public can attend . . . .").) Therefore, the available New York administration remedies "shall be exhausted to the same extent as would be required had the action been brought under [the IDEA]." 20 U.S.C. § 1415(*l*).

Plaintiffs have failed to exhaust their administrative remedies as required by the IDEA, and this Court therefore lacks subject matter jurisdiction. In New York, before bringing an IDEA claim to federal court, plaintiffs must exhaust their remedies before two layers of administrative tribunals. *Polera v. Bd. of Educ.*, 288 F.3d 478, 483 (2d Cir. 2002) (holding that

failure to exhaust administrative remedies deprives federal courts of subject matter jurisdiction). The first layer is a proceeding before an IHO whose Findings of Fact and Decision may be appealed to the second layer of administrative tribunals, a State Review Officer ("SRO") in the Office of State Review. *See generally* N.Y. Comp. Codes R. & Regs. tit. 8, § 200.5(j)-(k) (setting out procedures for appealing decisions of IHO to SRO).

Plaintiffs' allegations conclusively establish that they have not exhausted their state administrative remedies. Plaintiffs aver that they called various persons in the City and State's governments and filed an Administrative Law Judge Complaint with the New York City Office of Administrative Trials and Hearings, which has no jurisdiction over IHOs. (*See* Ver. Compl. 9-10 ¶¶ 54-55.) Incidentally, Plaintiffs also do not allege that they have filed a complaint "challenging the misconduct or competence of" the IHO as permitted by New York law. N.Y. Comp. Codes R. & Regs. tit. 8, § 200.21(b)(1) (2018). But without allegations by Plaintiffs that they have properly exhausted their administrative remedies, *i.e.*, appealed a decision of the IHO to the SRO who subsequently issued a decision on that appeal, the Court does not have subject matter jurisdiction over Plaintiffs' claims. *Polera*, 288 F.3d at 483. The Court, therefore, should dismiss Plaintiffs' claims.

## POINT IV

### PLAINTIFFS FAIL TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED UNDER THE AMERICANS WITH DISABILITIES ACT AND THE REHABILITATION ACT.

Discrimination claims asserted under the Americans with Disabilities Act ("ADA") of 1990 § 202, 42 U.S.C. § 12132, and the Rehabilitation Act of 1973 § 504(a), 29 U.S.C. § 794(a), are generally identical. *Wright v. N.Y. State Dep't of Corrs. & Cmty. Supervision*, 831 F.3d 64, 72 (2d Cir. 2016). Claims under both statutes require plaintiffs to

allege (1) that they are "qualified individuals with a disability," (2) that the entity they sue is subject to the statutes,[3] and (3) that they were denied the opportunity to participate in or benefit from the services, programs, or activities of the entity, or that the plaintiffs were otherwise discriminated against on account of their disability. *Id.* at 72; *see also* 28 C.F.R. § 35.130(a). The term discrimination encompasses "disparate treatment, disparate impact, or failure to make a reasonable accommodation." *B.C. v. Mount Vernon Sch. Dist.*, 837 F.3d 152, 158 (2d Cir. 2016); *see also* 42 U.S.C. § 12112(b)(5)(A) (prohibiting the failure to accommodate); *Dean v. Univ. at Buffalo Sch. of Med. & Biomed. Scis.*, 804 F.3d 178, 186 (2d Cir. 2015). Discrimination in the form of a failure to accommodate may result when an individual "'as a practical matter' was denied 'meaningful access' to services, programs or activities to which he or she was 'legally entitled.'" *Wright*, 831 F.3d at 72 (quoting *Henrietta D. v. Bloomberg*, 331 F.3d 261, 273 (2d Cir. 2003)); *see also Alexander v. Choate*, 469 U.S. 287, 301 (1985). In other words, Plaintiffs must show that the Defendants "failed to make a reasonable accommodation that would permit [them] 'to have access to and take a meaningful part in public services.'" *McElwee v. County of Orange*, 700 F.2d 635, 640 (2d Cir. 2012) (quoting *Powell v. Nat'l Bd. of Med. Exam'rs*, 364 F.3d 79, 85 (2d Cir. 2004)). Importantly, however, only intentional discrimination can result in an award of monetary damages. *See Loeffler v. Staten Island Univ. Hosp.*, 52 F.3d 268, 275 (2d Cir. 2009) (citing *Bartlett v. N.Y. State Bd. of Law Exam'rs*, 156 F.3d 321, 331 (2d Cir. 1998)). To plead intentional discrimination, therefore, a plaintiff must allege the defendants' deliberate

---

[3] For the purposes of this Motion, Defendants do not contest that the City and DOE, as governmental entities, are subject to suit pursuant to Title II of the Americans with Disabilities Act, and additionally that, because they receive federal assistance in the form of funds, they are subject to suit under the Rehabilitation Act.

indifference "to the strong likelihood that a violation of federally protected rights will result . . . ." *Loeffler*, 52 F.3d at 275.

Plaintiffs fail to state a claim against Municipal Defendants under the ADA and the Rehabilitation Act. To start, as noted *supra*, Point II, Plaintiffs' allegations fail to establish that they have suffered an injury-in-fact relating to these Acts. For example, with respect to the ADA, Plaintiffs allege that DOE "must provide reasonable accommodations so that students can access all educational facilities," which Plaintiffs contend includes "the hearing room provided by the DOE." (Ver. Compl. 13 ¶ 81.) Similarly, with respect to their Rehabilitation Act claim, Plaintiffs contend that Municipal Defendants "cannot deny students with disabilities (or parents who are advocating for such students) access to educational facilities," including the hearing room. (*Id.* at 14 ¶ 88.) Plaintiffs, however, do not allege that they were denied access to the hearing room. Plaintiffs' Complaint therefore fails to allege that Plaintiffs themselves endured conduct constituting discrimination under the ADA or the Rehabilitation Act. Plaintiffs instead contend that a "right to a due process hearing necessarily includes the right to have a hearing room in which all members of the public can attend" and "the right to have hearing rooms sufficient to accommodate interested members of the public." (Ver. Compl. 13-14 ¶¶ 82, 89.) But neither the ADA nor the Rehabilitation Act address the size of a hearing room; they instead ensure that a hearing room is accessible to Plaintiffs. The Complaint does not allege that the hearing room was inaccessible to Plaintiffs. In other words, Plaintiffs argue that they are "'legally entitled,'" to a particular type of "open hearing" under the IDEA. *Wright*, 831 F.3d at 72 (quoting *Henrietta D.*, 331 F.3d at 273). Plaintiffs were not, therefore, "'as a practical matter' . . . denied 'meaningful access' to services, programs or activities." *Wright*, 831 F.3d at 72 (quoting *Henrietta D.*, 331 F.3d at 273).

Additionally, Plaintiffs' allegations also do not establish that they endured *intentional* discrimination, a necessary prerequisite to state a claim for damages under the ADA and Rehabilitation Act. The Complaint lacks allegations to support the notion that Municipal Defendants or their employees were deliberately indifferent to a "strong likelihood" that Plaintiffs' rights would be violated. *Loeffler*, 52 F.3d at 275. Indeed, Plaintiffs' rights were not violated; they attended a due process hearing with members of the public present. Moreover, Defendants' provision of a room "which was large enough to accommodate some of the parents of students at iBRAIN and some members of the public" is not indicative of "deliberate indifference" but rather of Municipal Defendants' reasonable attempts to provide for Plaintiffs' due process hearing. (Ver. Compl. 8-9 ¶ 49.) This attempt by Defendants to address Plaintiffs' wishes, balanced with the obvious logistical difficulties of finding a room that could satisfy Plaintiffs' demands, evinces not deliberate indifference on the part of Municipal Defendants but rather their considered reflection on how best to provide for Plaintiffs' wishes with scarce governmental resources. Plaintiffs' claims of discrimination under both the ADA and the Rehabilitation Act therefore lack allegations establishing a plausible claim for relief, and the Court should dismiss these claims against the City and DOE.

## POINT V

### THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFFS' CLAIMS UNDER NEW YORK LAW.

As Plaintiffs have failed to state a federal claim against Defendants, the Court should decline to exercise supplemental jurisdiction over Plaintiffs' state-law claims. *See Anderson v. Nat'l Grid, PLC*, 93 F. Supp. 3d 120, 147-48 (E.D.N.Y. 2015). Nevertheless, should

the Court decide to exercise its supplemental jurisdiction, Plaintiffs' state-law claims should be dismissed.

To start, because a "claim of disability discrimination under the New York State Human Rights Law, N.Y. Exec Law §§ 290-301 (McKinney 2005), is governed by the same legal standards as govern federal ADA claims," the Court should dismiss Plaintiffs' N.Y. Executive Law claims for the reasons stated *supra*, Point IV. *Graves v. Finch Pruyn & Co., Inc.*, 457 F.3d 181, 184 n.3 (2d Cir. 2006) (citing *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 332 n.1 (2d Cir. 2000)).[4]

Secondly, although the New York City Human Rights Law, N.Y.C., N.Y., Admin. Code § 8-107 (2018), is construed "liberally for the accomplishment of" its "uniquely broad and remedial purposes," Plaintiffs have still failed to allege that they were discriminated against in violation of this local law. *Loeffler v. Staten Island Univ. Hosp.*, 52 F.3d 268, 278 (2d Cir. 2009). Plaintiffs have failed to point to any discriminatory conduct on the part of Municipal Defendants against Plaintiffs and, instead, can only allege the exclusion of others from the due process hearing as a violation. Again, Plaintiffs also fail to show Municipal Defendants'

---

[4] With respect to this New York Human Rights Law claim, Plaintiffs also appear to attribute the IHO's decision regarding audiovisual media to Defendants, (*see* Ver. Compl. 16 ¶ 102-03,) but this fails to establish a claim because the IHO is not Defendants' employee. *See* 20 U.S.C. § 1415(f)(3)(A) (2018) (prohibiting an IHO from being "an employee of the . . . local educational agency involved in the education or care of the child"); 34 C.F.R. § 300.511(c)(1)(i)(A) (same); N.Y. Comp. Codes R. & Regs. tit. 8, § 200.1(x) (same). Accordingly, the IHO's conduct cannot be attributed to DOE as a matter of law.

deliberate indifference—or even something lesser.[5] The Court should therefore dismiss Plaintiff's claims arising under the New York State and New York City Human Rights Laws.

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, Municipal Defendants, the City of New York and the New York City Department of Education, respectfully request that the Court grant their Motion to Dismiss the Verified Complaint, deny any and all relief sought in the Verified Complaint, and grant such other and further relief to Municipal Defendants as the Court deems just and proper.

Dated:       November 20, 2018
            New York, New York

ZACHARY W. CARTER
*Corporation Counsel of the City of New York*
Attorney for Defendants City of New York and
 New York City Department of Education
100 Church Street, Room 2-305
New York, NY 10007
t: (212) 356-2649
f: (212) 356-8760
e: dthayer@law.nyc.gov


By:    /s/ David S. Thayer
       DAVID S. THAYER
       *Assistant Corporation Counsel*

---

[5] The standard for intent to establish liability under the New York City Human Rights Law has not been settled. Permitting the judiciary of the State of New York to develop the standard further provides another reason for the Court to decline supplemental jurisdiction over these claims. *See Brief v. Albert Einstein Coll. of Med.*, 423 F. App'x 88, 92-93 (2d Cir. 2011); *Giordano v. City of New York*, 274 F.3d 740, 754-55 (2d Cir. 2001); *Viera v. City of New York*, 15 Civ. 5430 (PGG), 2018 U.S. Dist. LEXIS 169677, at *61-63 (S.D.N.Y. Sept. 30, 2018).

To:    ***Via ECF***
       Ralph M. Gerstein, Esq.
       Law Office of Ralph Gerstein
       12 Canoe Brook Drive
       West Windsor, NJ 08550
       *Counsel for Plaintiffs*

       ***Via ECF***
       Monica A. Connell, Esq.
       New York State Office of the Attorney General
       28 Liberty Street, 15th Floor
       New York, NY 10005
       *Counsel for Defendants State of New York, New York State*
        *Board of Regents, and New York State Education Department*