UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Patrick Donohue, individually and on behalf of S.J.D.<br><br>Plaintiffs,<br><br>-against-<br><br>Michael Kennedy Lloyd, et al,<br><br>Defendant. | **DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**<br><br>18-CIV-9712 (DAB) |



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1-14-19

RECEIVED
SDNY PRO SE OFFICE
2019 JAN 14 AM 11:52
S.D. OF N.Y.

## PRELIMINARY STATEMENT

Plaintiff Patrick Donohue brings this suit against me in my capacity as an impartial administrative hearing officer charged with the statutory duty to determine claims he has filed under the Individuals with Disabilities in Education Act (IDEA) 20 U.S.C. §14400-1482, and Article 89 of the New York State Education Law.

This is the second lawsuit that Plaintiff has brought before this Court regarding interim decisions that I have made in his underlying administrative action. *See Donohue v. New York City Department of Education*, Case No. 18-cv-9364. In bringing these lawsuits, Plaintiff seeks to untimely appeal the interim rulings that I have made and to force my recusal from the underlying administrative matter. Subsequent to being served with the instant lawsuit, I have recused myself from Plaintiff's underlying administrative lawsuit, which has now been assigned to a different impartial hearing officer to hear. I understand that the administrative matter is proceeding, without objection or complaint, without the accommodations that Plaintiff sought before me and now seeks from this Court as injunctive relief.

Insofar as I am no longer the impartial hearing officer assigned to hear Plaintiff's underlying administrative action, which now proceeds with another impartial hearing officer without the specific accommodations that Plaintiff claims will cause him irreparable harm, these claims must be dismissed.

All claims against me must be dismissed because I have absolute judicial immunity for the acts I took as an administrative law judge.

1

# **STATEMENT OF FACTS**

Plaintiffs are Patrick Donohue, as Parent and Natural Guardian of S.J.D., and Patrick Donohue, individually. S.J.D. is the 13-year-old daughter of Patrick Donohue. S.J.D. was violently shaken when five days old, resulting, *inter alia*, in the causing of a severe brain injury. Patrick Donohue founded The Sarah Jane Brain Foundation in October 2008, and served as Chairman of the Board and Chief Executive Officer of this not-for-profit corporation until January 2018. Patrick Donohue and The Sarah Jane Brain Foundation founded the International Academy of Hope, a school focused on educating students with brain injuries and brain-based disorders, in September 2013. Patrick Donohue served as Chairman of the Board of Directors of the International Academy of Hope until January 2018. S.J.D. attended the International Academy of Hope from September 2013 through June 2018. An Impartial Hearing Officer has previously held that the New York City Department of Education failed to offer S.J.D. a Free Appropriate Public Education for the 2017-2018 school year and directed the Department of Education to fund S.J.D.'s placement at the International Academy of Hope for the 2017-2018 school year. Patrick Donohue founded the Brain Injury Rights Group, a non-profit legal advocacy organization representing the brain injury community. Patrick Donohue serves as Chairman of the Board of Directors of the Brain Injury Rights Group. Patrick Donohue founded the International Institute for the Brain in July 2018. The International Institute for the Brain has the goal of providing special education and related services to students with brain injuries and brain-based disorders. Patrick Donohue serves as Chairman of the Board of Directors of the International Institute for the Brain. Patrick Donohue unilaterally moved S.J.D. from the International Academy of Hope in July 2018.

On July 9, 2018, Patrick Donohue requested an Impartial Hearing regarding the evaluation, identification, and placement of S.J.D. by the Department of Education. Specifically, Patrick Donohue alleged that the Department of Education denied S.J.D. a Free Appropriate Public Education for the 2018-2019 school year and requested funding for his placement of S.J.D. at The International Institute for the Brain. I was appointed by the New York City Department of Education to hear this matter as an Impartial Hearing Officer on August 22, 2018, after the recusal of one or more other Impartial Hearing Officers. Patrick Donohue requested that I issue a "pendency order" directing the Department of Education to fund S.J.D.'s placement at the International Institute of the Brain for the 2018-2019 school year and I scheduled a "pendency hearing" on September 6, 2018. The Department of Education opposed Mr. Donohue's request for "pendency" on this date and both parties subsequently submitted memorandum of law. On October 4, 2018, I issued an Interim Order on Pendency in keeping with the stay put provisions of the law on pendency and directed the DOE to continue the student's placement at iHOPE during the pendency of the proceedings. The SRO later upheld this decision.

On October 9, 2018, an initial Pre-Hearing Conference Call was conducted. Participating was Moshe Indig, counsel for S.J.D. and Patrick Donohue, and Joseph River and Elizabeth Marris, Counsel for the Department of Education. During this call I informed the Parties that I had requested that the Impartial Hearing Office provide a hearing room large enough for the anticipated number of observers and informed the Parties that I would not permit television cameras in the hearing room.

On October 10, 2018, I initiated a conference call with Mosh Indig, counsel for S.J.D. and Patrick Donohue, and Joseph Rivera and Elizabeth Marris, counsel for the Department of Education. During the October 10th call I informed the parties of the location identified by the Impartial Hearing Officer and that arguments regarding permitting television cameras in the hearing room could be addressed at the October 16, 2018 hearing.

On October 12, 2018, Mr. Donohue initiated a lawsuit before this Court, *Donohue v. New York City Department of Education and New York State Education Department*, Docket No. 18-Civ-9364. Mr. Donohue initially sought a preliminary injunction and temporary restraining order preventing the Impartial Hearing from continuing. *See* Docket No. 1. On October 15, 2018, United States District Judge Paul A. Crotty denied Mr. Donohue's request for a temporary restraining order enjoining the matter from proceeding, finding that the Court lacked jurisdiction over his complaints. *See* Docket No. 3. Mr. Donohue then filed an Order to Show Cause seeking to have the Impartial Hearing enjoined from proceeding on October 16, 2018. *See* Docket No. 6. Judge Castel denied this request. *See id.*

On October 16, 2018, the Impartial Hearing continued and quickly fell into turmoil over requests made by Mr. Indig and Mr. Donohue that included, *inter alia*, Mr. Donohue's request that I recuse myself, an effort to revisit my determination regarding S.J.D.'s pendency placement, the size of the hearing room assigned by the Department of Education's Impartial Hearing Office, the location of the hearing room assigned by the Department of Education's Impartial Hearing Office, the need for an interpreter, and Mr. Donohue's request that the hearing be open to television cameras and reporters. I denied Mr. Donohue's request for television cameras to be permitted in the hearing room, stating "I have made a determination that audio – that television cameras, with a live recording would not be appropriate, given the handicapped

4

situation of the child, and felt that it would be abusive to make a visual television recording of this student that is incapable of consenting." Transcript of October 16, 2018 hearing at page 206. Mr. Donohue became incensed and began to yell and scream, stating that my determination was "disgusting" (Transcript at page 206, line 11-12) and "discriminatory" (*id* at line 13-14.) I went on to state that "It's my opinion… it would border on child abuse." Tr. At 208. Mr. Donohue continued to argue with me regarding my determination, as his attorneys questioned me regarding my determination to not permit television cameras in the hearing room. I stated "that cameras in this proceeding would… would potentially be embarrassing to the child," and that I would not permit television cameras in any administrative hearing over which I presided. Transcript at pages 208-210. Mr. Donohue remained incensed during the proceedings and was unable to control himself, engaging in outbursts and "demanding" that I apologize for my determination regarding the presence of television cameras in the hearing room, stating that I "should be ashamed" of myself for denying his request for television cameras in the hearing room, claiming that I "abused" him in making my determinations, and repeating his previous demands that I recuse myself from hearing the case. *See* Tr. at 210-217. Concerned with Mr. Donohue's conduct, I informed the parties that I was considering appointing a guardian ad litem, at which point Mr. Donohue threatened to make a bigger scene with the media and repeatedly stating "I dare you," to do so. Tr. at 217-218. I thereafter directed Mr. Indig and Mr. Ashanti to control Mr. Donohue so as to prevent it from spiraling into a spectacle. The matter deescalated somewhat, and the parties proceeded with the Impartial Hearing, entering documents into the records.

5

On October 22, 2018, Patrick Donohue initiated the instant lawsuit, seeking $10,000,000 in damages. I was served with this lawsuit on November 30, 2018 at 131 Livingston Street prior to a scheduled evidentiary hearing in this matter.

On December 4, 2018, I recused myself from hearing the matter due to Mr. Donohue creating the appearance of a conflict of interest.

## ARGUMENT

**STANDARD OF REVIEW:**

On a motion to dismiss pursuant to Fed.R.Civ.P. 12(c), the Court must accept as true all well pleaded facts and consider those facts in the light most favorable to Plaintiff. On the motion, the issue for consideration is "whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell v. Twombly*, 550 U.S. 1955, 127 S.Ct. 1955 (2007). The complaint, however, demands "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555.

**ARGUMENT**

Plaintiffs repeatedly admit that my actions were committed within the scope of my employment as an Impartial Hearing Officer in the underlying administrative matter. *See* Complaint at ¶9. Plaintiffs further allege that I am engaged by the New York State Education Department as an Impartial Hearing Officer to hear special education cases involving students in New York City schools. *See* Complaint at ¶10. Plaintiffs claim that I was appointed to be the Impartial Hearing Officer to adjudicate his case. *See* Complaint at ¶42. I admit that I was the

6

administrative hearing officer of an IDEA appeal filed by the Plaintiff and that I acted under color of state law when I performed my duties as an administrative hearing officer.

It is firmly established that judicial officers are absolute immune from suit for acts performed in their judicial capacities. *See Mireles v. Waco,* 9, 12 (1991). "[O]nce a court determines that an official was functioning in a core judicial ... capacity, absolute immunity applies however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *DiBlasio v. Novello,* 344 F.3d 292, 297 (2d Cir. 2003). "The cloak of immunity is not pierced by allegations of bad faith or malice." *Tucker v. Outwater,* 118 F.3d 930, 932 (2d Cir. 1997). Nor is a judge deprived of immunity by virtue of an incorrect decision which may have violated state law, *see Fields,* 920 F.2d at 1119, an act in excess of his authority, *see Bradley v. Fisher,* 80 U.S. 335,352 (1871), or allegations that a decision was "biased and

prejudicial," *Warburton v. Goord,* 14 F. Supp. 2d 289, 296 (W.D.N.Y. 1998).

Courts in the Second Circuit have consistently applied these principles to shield judges from challenges to their judicial decision-making. *See Fields v. Solo.aff;* 920 F.2d 1114, 1119 (2d Cir. 1990). *See also Lewittes v. Lobis,* 2004 WL 1854082, at *4-5 (S.D.N. Y. Aug. 19, 2004) ("It goes without saying that the decisions in this Circuit have applied these principles to hold that suits against New York State judges are foreclosed by the doctrine of absolute immunity[.]"), *aff'd,* 164 F. App'x 97 (2d Cir. 2006).

"'The doctrine of absolute immunity has been extended to certain others who perform functions closely associated with the judicial process,' including 'administrative officials exercising independent quasi-judicial powers.'" *Mireles,* 502 U.S. at 11-12, quoting *B.D.S. v. Southold Union Free Sch. Dist.,* 2009 WL 1875942 at *19 (E.D.N.Y. June 24, 2009). "This

7

immunity also extends to administrative officials performing functions closely associates with the judicial process because the role of the 'hearing examiner or administrative law judge... is functionally comparable to that of a judge.'" *Montero v. Travis*, 171 F.3d 757, 760 (2d Cit. 1999) (*quoting Butz v. Economou*, 438 U.S. 478, 513, 98 S. Ct. 2894 (1978).

The Second Circuit has found that judicial immunity applies even in cases of alleged discrimination. *See e.g., Curto v. Siwek*, 322 F. App'x 62, 63 (2d Cir. 2009) (holding that a state court judge had absolute immunity where plaintiff alleged she had "engaged in egregious discrimination against plaintiff")' *Applewhite v. Briber*, 506 F.3d 181, 181-82 (2d Cir. 2007) (affirming the application of judicial immunity to dismiss plaintiff's claims of racial discrimination against a judicial officer).

The action is barred in its entirety by absolute immunity because issuing opinions and presiding over trials are "quintessential judicial acts." *See Book v. Tobin*, 2005 WL 1981803, at *2 (D. Conn. Aug. 16, 2005), *aff'd*, 263 F. App'x 174 (2d Cir. 2008); *Abraham v. NY City Police Dep't*, 2016 WL 3181125, at *2 (E.D.N.Y. June 3, 2016) (absolute judicial immunity mandates dismissal of claim against judge for alleged wrongs committed while presiding a trial); *Manosh v. Hurd*, 2010 WL 1235607, at *1 (N.D.N.Y. Mar. 9, 2010) (Report and Recommendation), *adopted by* 2010 WL 1223209 (N.D.N.Y. Mar. 30, 2010). *See also Davey v. State*, No. 110503, 2005 WL 6052991 (N.Y. Ct. Cl. July 14, 2005) ("Allegedly libelous statements contained in a judge's written decision are absolutely privileged and cloaked with judicial immunity[.]") (citing *Montesano v. State of New York*, 11 A.D.3d 436, 782 N.Y.S.2d 362 (2d Dep't 2004)).

A review of all allegations contained in the Complaint make it clear that all actions taken by me and complained of by Plaintiff in the Complaint were performed in my capacity as an administrative law judge of the underlying IDEA appeal.

Plaintiffs' first cause of action alleges that my determination to prohibit television cameras from the Impartial Hearing constitutes discrimination and Plaintiffs seek an injunction directing me to permit audio and video media at S.J.D.'s hearing. *See* ¶'s 83 – 85. As a result of the appearance of a conflict of interest, I have recused myself from the underlying administrative matter and no longer have authority to grant, or deny, such relief.

Plaintiffs' second cause of action admits that my "actions were committed within the scope of [my] duties as an IHO engaged by the New York State Education Department," and I am thus entitled to absolute immunity for my actions performed in my judicial capacity. *See* ¶91.

Plaintiffs' third cause of action alleges acts performed in my judicial capacity and thus I am entitled to absolute immunity for these actions.

Plaintiffs' fourth cause of action seeks relief for determinations that I made in my judicial capacity and this I am entitled to absolute immunity for these actions.

Plaintiffs fifth cause of action seeks relief for determinations that I made in my judicial capacity at the request of Plaintiffs. I am thus entitled to absolute immunity for these actions.

Plaintiffs sixth cause of action seeks relief for determinations made in my judicial capacity at the request of Plaintiffs. I am thus entitled to absolute immunity for these actions.

Plaintiffs seventh cause of action seeks relief for determinations made in my judicial capacity at the request of Plaintiffs. I am thus entitled to absolute immunity for these actions.

Plaintiffs eighth cause of action seeks relief for determinations made in my judicial capacity at the request of Plaintiffs. The transcript makes clear that I did not accuse Patrick Donohue of child abuse. Regardless, any statements and determinations were made during the underlying administrative process and I am thus entitled to absolute judicial immunity. Plaintiffs admit that I am entitled to absolute judicial immunity, however, attempt to claim, without any authority, that such statements were not "pertinent to the matter being decided" and I could have rendered a decision without utilizing certain words. *See* ¶¶123 – 126. Plaintiffs go on to confirm that my "actions were committed within the scope of [my] duties as an IHO…" *See* ¶130.

Plaintiffs ninth cause of action seeks relief for statements and determinations made in the court of the underlying administrative hearing in response to requests for interim relief requested by Plaintiffs. Section 200.5(j)(3)(ix) of the Regulations of the Commissioner of Education require that I appoint a guardian *ad litem* when I determine that the interests of the parent are opposed to or are inconsistent with those of the student, r that for any other reason the interests of the student would be best protected by appointment of a guardian *ad litem*. I am thus entitled to absolute immunity for these actions.

Plaintiffs' claims are firmly granted in my judicial actions and the exercise of my quasi-judicial powers. Each allegation concerns actions that I took in my official judicial capacity. Therefore, I am entitled to absolute judicial immunity on Plaintiffs' claims.

A "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356-357 (1978) (quoting *Bradley v. Fisher*, 80 U.S.(13 Wall) 335 (1871); *Fields v. Soloff*, 920 F.2d 1114, 111 (2d Cir., 1990).

Viewing all pleadings in a light most favorable to the Plaintiff, there can be no cause of action against me because all actions that I took that are complained of herein were performed in my capacity as an IDEA administrative law judge.

**WHEREFIRE**, defendant Michael Kennedy Lloyd asks that the Court dismiss this action with prejudice, and for such other and further relief as the Court deems appropriate under the circumstances set forth herein.

January 11, 2019

MICHAEL KENNEDY LLOYD
775 Riverside Driver, Apt. 3H
New York, NY 10032

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DONOHUE ET AL

DONOHUE ET AL

Plaintiff(s),

-against-

LLOYD, ET AL

**LLOYD, ET AL**

Defendant(s).

Docket No: __18__ CV __9712__ ( DAB )( )

NOTICE OF PRO SE APPEARANCE

I hereby enter an appearance on my own behalf in this action and request:

(please check one option below)

[✔] that all future correspondence be mailed to me at the address below, or

[ ] that all future correspondence be e-mailed to me at the e-mail address below. I have completed the attached Consent to Electronic Service.

I understand that if my address or e-mail address changes, I must immediately notify the Court and all parties.

**LLOYD, MICHAEL KENNEDY**

[ ] Plaintiff
[✔] Defendant

Name (Last, First, MI)

47-14 207TH STREET | **BAYSIDE** | **NY** | **11361**
---|---|---|---
Address | City | State | Zip Code

**212-781-4404** | **MKLESQ@GMAIL.COM**
---|---
Telephone Number | e-mail address

1/11/19 | *Michael K. Lloyd* (signature)
---|---
Date | Signature

M. Lloyd
47-14 207th St.
Queens NY 11361

USMS
SDNY

United States Courthouse
Pro Se Office
500 Pearl St. Rm. 200
NY, NY 10001