UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PATRICK DONOHUE *et al.*,

Plaintiffs,

-v-

MICHAEL KENNEDY LLOYD *et al.*,

Defendants.

18-CV-9712 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

Plaintiffs Patrick Donohue and his minor daughter S.J.D. bring suit against New York City and State entities alleging that they suffered various forms of discrimination and retaliation during a hearing regarding S.J.D.'s placement for the 2018–2019 school year.  Before the Court now are three separate motions to dismiss.  For the reasons that follow, the motions to dismiss are granted.

I.      Background

A.      Factual Background

The following facts are drawn from Plaintiffs' complaint (Dkt. No. 1 ("Compl.")) and documents incorporated by reference therein.

Plaintiff S.J.D. is a minor[1] and a survivor of violent abuse by a former baby nurse.  (*See* Compl. ¶ 19.)  The attack, which garnered significant press attention when it occurred in 2005, left S.J.D. with a traumatic brain injury: She is nonverbal, non-ambulatory, and highly dependent on the assistance of adults for her daily living requirements.  (Compl. ¶ 29.)  Her father, Plaintiff

---

[1] At the time of the filing of the complaint, S.J.D. was thirteen years old.  (Compl. ¶ 7.)

Patrick Donohue, has become an advocate for traumatic brain injury survivors in the years since the attack.  (Compl. ¶ 21.)

Under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, school districts receiving federal funds must provide students with disabilities a "free appropriate public education" ("FAPE").  *Id.* § 1400(d).  To fulfill this requirement, each district must design an "individualized educational program" ("IEP") suited to the unique needs of each child.  *See id.* § 1414(d)(1)(A).  A parent dissatisfied with a proposed IEP may initiate a "due process proceeding" before an Impartial Hearing Officer ("IHO") to challenge the proposed IEP. *Id.* § 1415(f).

On June 14, 2018, the New York City Department of Education Committee on Special Education ("CSE") for the district within which S.J.D. resides formulated an IEP for S.J.D for the 2018–2019 school year.  (Compl. ¶ 38.)  On July 9, 2018, Donohue initiated a due process proceeding against the New York City Department of Education ("NYC DOE") challenging the proposed IEP.  (Compl. ¶ 39.)  Defendant IHO Michael Kennedy Lloyd was randomly assigned to the matter.  (Compl. ¶ 42.)

The first hearing before IHO Lloyd was scheduled for October 16, 2018.  (Compl. ¶¶ 47, 58.)  In anticipation of that hearing, Donohue and his counsel requested that the hearing be conducted in a room able to accommodate over 100 of S.J.D.'s supporters, including many minors who use wheelchairs and other bulky assistive equipment.  (Compl. ¶¶ 44–45, 49.)  IHO Lloyd scheduled the hearing, however, in a room that could only accommodate some of the parents who wanted to attend but that was not otherwise appropriate for the anticipated attendees.  (Compl. ¶ 49.)  Plaintiffs requested that the hearing be adjourned until a more suitable room was secured and filed a federal lawsuit seeking to enjoin IHO Lloyd from proceeding with

the hearing as scheduled.  (Compl. ¶ 56; *see also Donohue v. N.Y.C. Dep't of Educ.*, No. 18 Civ. 9364 (S.D.N.Y.).)  Those requests were denied.

At the start of the October 16, 2018, hearing, IHO Lloyd denied Plaintiffs' additional request that audio and visual media be permitted in the hearing.  (*See* Compl. ¶ 64.)  According to media reports incorporated by reference in the complaint, in denying the request, IHO Lloyd stated that he had "made a determination that television cameras with live recording . . . would be abusive [to S.J.D.,] who is unable to give her consent."  *See* Reuven Fenton & Emily Saul, School Hearing for Disabled Girl Turns Into a Screaming Match, N.Y. Post (Oct. 16, 2018), https://nypost.com/2018/10/16/school-hearing-for-disabled-girl-turns-into-a-screaming-match/. He reasoned that visual recordings without S.J.D.'s consent would "border on child abuse" and "potentially be embarrassing to the child."  *Id.*  The subtext of IHO Lloyd's comment, Plaintiffs allege, is that "children with severe disabilities should be hidden away from view instead of allowing them to be photographed and filmed."  (Compl. ¶ 67.)  The hearing thereafter escalated, but IHO Lloyd declined to recuse himself or retract the statements.  (Compl. ¶¶ 70–72.)

### B.    Procedural Background

Donohue and S.J.D. filed the present lawsuit on October 22, 2018, alleging violations of federal, state, and city antidiscrimination laws.  (*See* Compl.)  Specifically, Plaintiffs allege they are entitled to injunctive relief and damages for violations of Title II of the Americans With Disabilities Act ("ADA"), 42 U.S. Code § 12131 *et seq.*, section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, the New York State Human Rights Law, N.Y. Exec. Law § 296, the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107, and the common-law prohibitions on defamation and intentional infliction of emotional distress.  (Compl. at 13–19.)  They name as defendants IHO Lloyd, the City of New York (the "City"), NYC DOE, the State of New York

(the "State"), the New York State Board of Regents (the "Board of Regents"), and the New York

State Department of Education ("NYS DOE").

On November 11, 2018, the City and NYC DOE (the "City Defendants") filed a motion

to dismiss the claims against them.  (*See* Dkt. No. 29.)  On January 11, 2019, the State, NYS

DOE, and the Board of Regents (the "State Defendants") moved to dismiss the claims against

them.  (*See* Dkt. No. 39.)  And on January 14, 2019, Defendant Lloyd moved to dismiss the

claims against him.  (*See* Dkt. No. 41.)

Judge Deborah Batts, then the presiding judge, referred those motions to Magistrate

Judge Robert Lehrburger for a Report and Recommendation on November 14, 2019.  (*See* Dkt.

No. 50.)  On January 20, 2020, following Judge Batts's passing, the matter was reassigned to this

Court, and on February 21, 2020, this Court withdrew the referral to Magistrate Judge

Lehrburger.  (*See* Dkt. No. 51.)  The motions are now ripe for the Court's consideration.

## II.    Legal Standard

A district court properly dismisses an action under Rule 12(b)(1) if the court "lacks the

statutory or constitutional power to adjudicate it."  *Cortlandt St. Recovery Corp. v. Hellas

Telecomms., S.A.R.L.*, 790 F.3d 411, 417 (2d Cir. 2015) (citation omitted).  In considering a

motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a court must accept

as true all the material factual allegations contained in the complaint, but a court is "not to draw

inferences from the complaint favorable to plaintiffs."  *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386

F.3d 107, 110 (2d Cir. 2004).  Additionally, a court "may refer to evidence outside the

pleadings."  *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

To survive a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft

v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007)).  In other words, a plaintiff's "[f]actual allegations must be enough to raise a right to

relief above the speculative level, on the assumption that all the allegations in the complaint are

true (even if doubtful in fact)."  *Twombly*, 550 U.S. at 555 (citation and footnote omitted).  In

assessing a Rule 12(b)(6) motion, "[c]ourt[s] must . . . 'draw [ ] all inferences in the plaintiff's

favor.'"  *Goonan v. Fed. Reserve Bank of N.Y.*, 916 F. Supp. 2d 470, 478 (S.D.N.Y. 2013)

(second alteration in original) (quoting *Allaire Corp. v. Okumus*, 433 F.3d 248, 250 (2d Cir.

2006)).  In addition to "the allegations on the face of the complaint," courts considering Rule

12(b)(6) motions also "may permissibly consider documents . . . that are attached to the

complaint or incorporated in it by reference."  *Roth v. Jennings*, 489 F.3d 499, 509 (2d. Cir.

2007).

### III.    Discussion

#### A.    Claims Against IHO Lloyd

IHO Lloyd contends that he is shielded by the doctrine of absolute immunity from

Plaintiffs' claims for damages and the remaining claims for injunctive relief against him are

moot.  The Court agrees.

Judicial officers are immune from liability for damages for "acts committed within their

judicial jurisdiction."  *Pierson v. Ray*, 386 U.S. 547, 554 (1967).  Because absolute judicial

immunity is not for protection of the judge, but rather "for the benefit of the public, whose

interest it is that the judges should be at liberty to exercise their functions with independence and

without fear of consequences," *Id.* (citation omitted), it applies to shield judges against even

"[a]llegations of bad faith[,] . . . malice [or] that the officer acted 'in error . . . or was in excess of

his authority.'"  *Mireles v. Waco*, 502 U.S. 9, 11, 13 (1991) (quoting *Stump v. Sparkman*, 435

U.S. 349, 355–56 (1978)) (second omission in original).  Immunity yields only in cases

challenging "nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity." *Id.* at 11.

Absolute immunity is extended to not only "judges and prosecutors functioning in their official capacities" but also "officials of government agencies 'performing certain functions analogous to those of a prosecutor' or a judge." *DiBlasio v. Novello*, 344 F.3d 292, 296–97 (2d Cir. 2003) (quoting *Butz v. Economou*, 438 U.S. 478, 515 (1978)).  The analysis is "functional": An official is entitled to such immunity if "the actions taken by the official are 'functionally comparable' to that of a judge or a prosecutor." *Id.* at 297 (quoting *Butz*, 438 U.S. at 515).

Courts in this Circuit have repeatedly found Impartial Hearing Officers and the State Review Officers who review their decisions to be among the administrative adjudicators entitled to absolute immunity.  *See Avaras v. Clarkstown Cent. Sch. Dist.*, No. 15 Civ. 9679, 2018 WL 4964230, at *17 (S.D.N.Y. Oct. 15, 2018), *reconsideration denied*, No. 15 Civ. 9679, 2019 WL 2171140 (S.D.N.Y. May 20, 2019); *R.S. v. Bd. of Educ. Shenendehowa Cent. Sch. Dist.*, No. 17 Civ. 0501, 2017 WL 6389710, at *3 (N.D.N.Y. Dec. 13, 2017); *B.J.S. v. State Educ. Dep't/Univ. of New York*, 699 F. Supp. 2d 586, 594 (W.D.N.Y. 2010); *B.D.S. v. Southold Union Free Sch. Dist.*, No. 08 Civ. 1319, 2009 WL 1875942, at *19 (E.D.N.Y. June 24, 2009).  This Court sees no reason to depart from the overwhelming — indeed, seemingly unanimous — and well-reasoned authority in this Circuit recognizing absolute immunity for IHOs.

The challenged conduct here consists of allegedly erroneous and discriminatory decisions that cameras would not be permitted in the hearing room and that the hearing would not be adjourned until a different room was found.  Case management decisions like those are quintessentially judicial activities, and there is no serious argument that IHO Lloyd's jurisdiction

to make those decisions was lacking.  Accordingly, he is shielded from liability for damages for these claims.[2]

### B.    Remaining Claims

The Court lacks subject matter jurisdiction over the remainder of Plaintiffs' claims because Plaintiffs have failed to meet the IDEA's exhaustion requirement.  Donohue and S.J.D. do not contest that at the time of the filing of the complaint, they had not yet exhausted their administrative remedies under the IDEA by appealing IHO Lloyd's decision to a state review officer.  *See* 20 U.S.C. § 1415(i)(2)(A).  But they argue that their lawsuit is not barred because they bring claims under the ADA and Rehabilitation Act, rather than under the IDEA.  (Dkt. No. 33 at 5.)

The Second Circuit, however, has repeatedly held that complainants "must overcome th[e] significant procedural hurdle" of exhaustion "not only when they wish to file a suit under the IDEA itself, but also whenever they assert claims for relief *available* under the IDEA, regardless of the statutory basis of their complaint."  *Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 246 (2d Cir. 2008).  Moreover, the mere addition of a claim for damages (which are not available under the IDEA) "does not enable [a plaintiff] to sidestep the exhaustion requirements of the IDEA."  *Polera v. Bd. of Educ. of Newburgh Enlarged City Sch. Dist.*, 288 F.3d 478, 488 (2d Cir. 2002).  Instead, "a court looks to the 'theory behind the grievance' to

---

[2] Plaintiffs also request certain injunctive relief against IHO Lloyd, specifically, an injunction directing him to permit audio and visual media at S.J.D.'s hearing.  (*See* Compl. ¶¶ 85, 93.)  But IHO Lloyd represents that on December 4, 2018, following the filing of the suit, he recused himself from Plaintiffs' due process hearing and he now lacks ongoing authority over the matter.  (*See* Dkt. No. 42 at 6.)  Plaintiffs have not disputed this representation.  This claim is therefore moot.  Moreover, the Court lacks subject matter jurisdiction over this claim for the additional reason that Plaintiffs have failed to exhaust their administrative remedies under the IDEA, as explained more fully in the section that follows.

determine whether the IDEA exhaustion requirement is triggered." *M.A. v. New York Dep't of Educ.*, 1 F. Supp. 3d 125, 130 (S.D.N.Y. 2014).

Here, the gravamina of Donohue and S.J.D.'s complaint are that IHO Lloyd's refusal to permit cameras and to accommodate all the anticipated attendees at the hearing deprived S.J.D. of her right to an open hearing and that IHO Lloyd's rationale for that decision was discriminatory. The underlying right to an open hearing is grounded in the IDEA itself, which prescribes specific procedural protections. *See, e.g., Schaffer ex rel. Schaffer v. Weast*, 546 U.S. 49, 54 (2005) (describing the statutorily mandated "central components of due process hearings" under the IDEA). A challenge to a decision regarding the procedural features of Plaintiffs' hearing under the IDEA was therefore well within the SRO's bailiwick, and a full remedy for Plaintiffs' injury available by way of administrative appeal. Exhaustion under the IDEA was therefore required, and this Court lacks subject matter jurisdiction over Plaintiffs' federal claims. Those claims are therefore dismissed.

Having found that it lacks jurisdiction over Plaintiffs' federal claims, the Court also must conclude that it lacks supplemental jurisdiction over the remaining state law claims. *See* 28 U.S.C. § 1367(a); *see also Georges v. United Nations*, 84 F. Supp. 3d 246, 248 (S.D.N.Y. 2015), *aff'd*, 834 F.3d 88 (2d Cir. 2016) ("A defendant's immunity from suit divests the Court of subject matter jurisdiction."). Those claims are dismissed without prejudice.

## IV.    Conclusion

For the foregoing reasons, Defendants' motions to dismiss are GRANTED.

The Clerk of Court is directed to close the motions at Docket Numbers 29, 39, and 41.

SO ORDERED.

Dated: June 1, 2020
New York, New York

_____
J. PAUL OETKEN
United States District Judge